IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT G. SMITH,

                                                                    ORDER

                Plaintiff,

                                                                  09-cv-233-bbc

     v.

MICHAEL DELUAUX,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Robert Smith is seeking reconsideration of the order denying his first motion for reconsideration of the screening order in this case. I have explained before that plaintiff has failed to state an access to the courts claim because there is no underlying cause of action that was impeded, as is required to state such a claim. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (claim for denial of access to courts requires non-frivolous underlying cause of action that has been lost or impeded). In other words, because plaintiff has been granted leave to proceed on his claim that the disciplinary hearing violated his due process rights, he cannot argue that he has been denied access to the court. His unsuccessful efforts to exhaust his administrative remedies and seek certioriari review of the hearing in state court relate to this case, on which he is proceeding.

1

Nonetheless, I now understand plaintiff to allege that he has lost an underlying cause of action, that is, state court certioriari review of his disciplinary hearing. However, plaintiff still fails to state an access to the courts claim. He fails to satisfy "the requirement that a backward-looking denial-of-access claim provide a remedy that could not be obtained on an existing claim." Harbury, 536 U.S. at 420-21; see also Steidl v. Fermon, 494 F.3d 623, 633 (7th Cir. 2007) (assuming defendant's actions caused plaintiff to lose two lawsuits, access to courts claim was properly dismissed because he was seeking no remedy relating to denial of access to courts that could not be obtained through another claim). The Supreme Court has set this remedy requirement in place because "[t]here is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." Id. at 415.

Plaintiff's success on his due process cause of action would make plaintiff "just as well off" as if he were successful on an access to the court claim regarding his certioriari petition of his disciplinary hearing. If plaintiff is successful on his due process claim in this court, his remedy, among other things, would be the invalidation of his disciplinary hearing, which would necessitate a new hearing. This is the same remedy he would have obtained through a successful state court certioriari petition. In other words, the state court could not have awarded any remedy on plaintiff's access to the courts claim that he could not be awarded

2

in this court on his due process claim. Id. at 416. Therefore, plaintiff's second motion to reconsider the denial of his access to the courts claim will be denied.

Plaintiff also requests reconsideration of the strike he was awarded in the initial screening of his complaint. Plaintiff objects to the strike because the court dismissed an Eighth Amendment claim that plaintiff contends he was not trying to bring. Nonetheless, plaintiff would still receive a strike because his access to the courts claim was dismissed from this lawsuit for failure to state a claim upon which relief may granted. The order states in part that "[a] strike will be recorded under 28 U.S.C. § 1915(g) because *one or more* claims have been dismissed for failure to state a claim upon which relief may be granted." Dkt. #6 at 13 (emphasis added). Therefore, regardless whether plaintiff was attempting to state an Eighth Amendment claim, he still receives a strike because one of his other claims was dismissed for failure to state a claim upon which relief may be granted.

3

ORDER

IT IS ORDERED that plaintiff Robert G. Smith's motion for reconsideration, dkt. #20, is DENIED.

Entered this 28th day of September, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4