IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT G. SMITH,

                                                 OPINION AND ORDER

                Plaintiff,

                                                 09-cv-233-bbc

    v.

MICHAEL DELUAUX,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Robert G. Smith is proceeding under 42 U.S.C. § 1983 on his claim that defendant Michael Deluaux violated his procedural due process rights during a disciplinary hearing while plaintiff was confined at the Green Bay Correctional Institution in Green Bay, Wisconsin.  Jurisdiction is present.  28 U.S.C. § 1331.  Defendant has moved for partial summary judgment, contending that plaintiff should be precluded from arguing that his conditions of confinement in segregation are a component in his procedural due process claim because he failed to exhaust his administrative remedies regarding his conditions in segregation.  Defendant misunderstands the exhaustion requirement.  His motion will be denied.

      It is true that under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available

1

administrative remedies before filing a lawsuit in federal court. This requirement is satisfied when a prisoner "alert[s] prison officials to the nature of his problem and [gives] them an opportunity to resolve it." Greeno v. Daley, 414 F.3d 645, 652 (7th Cir. 2005). Plaintiff is proceeding on the claim that his procedural due process rights under the Fourteenth Amendment were violated when defendant Deluaux denied him the opportunity to have either of two important witnesses testify at his June 27, 2008 disciplinary hearing. Thus, to properly exhaust his administrative remedies plaintiff was required to alert prison officials that the disciplinary hearing was improper because he was not permitted to present two important witnesses.

However, defendant does not contend that prison officials were unaware of plaintiff's problem with the procedure during his disciplinary hearing. Instead, defendant contends that because plaintiff did not file a prison grievance about the conditions of his segregation confinement, which he faced as punishment *after* being found guilty in the disciplinary hearing that allegedly violated his due process rights, plaintiff should not be allowed to prove that those conditions were unusually harsh in an effort to establish the liberty interest component of his procedural due process claim. This argument cannot prevail. Defendant does not contend that the plaintiff failed to follow the prison's grievance procedure with respect to his due process claim. Under Wisconsin Administrative Code § DOC 310.09(1)(e), the contents of an inmate complaint shall "[c]ontain only one issue per

2

complaint, and shall clearly identify the issue." Nothing in the regulations says that the inmate must provide a specific degree of factual particularity in a grievance besides clearly identifying the issue. When there is no particularity requirement, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out facts, articulate legal theories, or demand particular relief." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). Thus, in filing a grievance regarding an improper disciplinary hearing, plaintiff was not required to list the conditions of his segregation confinement as a problem.

To require otherwise would be asking plaintiff to have articulated a legal theory, procedural due process, in an inmate grievance. E.g., Marion v. Columbia Correction Institution, 559 F.3d 693, 697-98 (7th Cir. 2009) ("The Court of Appeals for the Seventh Circuit has explained that "a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh.") (Emphasis in original)). Nonetheless, that is exactly what defendant is saying that plaintiff was required to do when he contends that plaintiff needed to list unusually harsh conditions of confinement, that is, a protected liberty interest, in an inmate grievance challenging his disciplinary proceedings to properly pursue an administrative remedy in prison.

Plaintiff was not required to file an inmate grievance regarding the conditions of his

segregation confinement in order to pursue his due process claim in court. Plaintiff needed only to inform defendant of his problem with the disciplinary hearing, which is not at issue in this motion for partial summary judgment. Further, plaintiff's failure to file a grievance regarding segregation conditions does not prevent him from establishing a liberty interest by pointing to unusually harsh conditions in segregation. Accordingly, defendant's motion will be denied.

ORDER

IT IS ORDERED that defendant Michael Delauax's motion for partial summary judgment based on plaintiff's failure to exhaust is DENIED.

Entered this 23rd day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge