IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT G. SMITH,

                                      OPINION AND ORDER

                Plaintiff,

                                         09-cv-233-bbc

    v

MICHAEL DELVAUX,

                Defendant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary and declaratory relief brought under 42 U.S.C. § 1983. Plaintiff contends that defendant Michael Delvaux violated his procedural due process rights during his disciplinary proceedings. Now before the court is defendant's motion for summary judgment. Dkt. #28. Because plaintiff has failed to adduce sufficient evidence for a jury to find that defendant denied him due process, I will grant defendant's motion.

      First, I note that plaintiff has not followed the <u>Procedure To Be Followed on Motions</u>

---

[1] The correct spelling of defendant's name is Michael Delvaux, as opposed to Deluaux as the caption previously listed. I have amended the caption and the correct spelling is used in this opinion and order.

1

for Summary Judgment, attached to the July 30, 2009 Preliminary Pretrial Conference Order. Dkt. #13, at 20. In disputing some of the facts proposed by defendant, plaintiff has not referred to any evidence supporting his version of the facts. As the court noted in its Memorandum to Pro Se Litigants Regarding Summary Judgment Motions, plaintiff must tell the court and the defendant where there is evidence in the record to support his version of the facts. Id., at 16. Even if a party is proceeding pro se, he may not ignore procedural rules. Dale v. Poston, 548 F.3d 563, 568 (7th Cir. 2008). Because plaintiff has submitted no affidavit to support his allegations in opposition to defendant's proposed findings of fact, defendant's facts must be accepted as true.

Second, plaintiff argues that he is at a disadvantage because he has not seen the documents that defendant was allowed to submit under seal. The only items that are sealed are portions of Delvaux's affidavit that explain why Angela Laufenberg is unavailable as a witness. This information is not a material issue in this case because plaintiff submitted questions for her to answer if she was unavailable. The fact that plaintiff is not allowed to see it does not affect his ability to prosecute this case.

For the purpose of deciding this motion, I find the following facts to be material and undisputed.

2

UNDISPUTED FACTS

A. <u>Parties</u>

Plaintiff Robert Smith resided at the Green Bay Correctional Institution in Green Bay, Wisconsin from October 3, 2003 through September 15, 2008. On April 30, 2008, he was assigned to the segregation unit at the institution. On September 15, 2008, he was transferred to the Wisconsin Secure Program Facility and remained in disciplinary segregation status until June 22, 2009, when he was placed in temporary lock-up status. On July 8, 2009, he was transferred to the Dodge Correctional Institution in Waupun, Wisconsin. Two days later, he was transferred to the Green Bay Correctional Institution and placed in general population status.

Defendant Michael Delvaux is employed by the Wisconsin Department of Corrections as a supervising officer at the Green Bay Correctional Institution.

B. <u>The Conduct Report</u>

On June 6, 2008, plaintiff received conduct report #1973574 for allegedly violating Wis. Admin. Code § DOC 303.26, which prohibits solicitation of staff. Plaintiff was given a copy of the conduct report on June 11, 2008. The conduct report was written by Captain Brant, after he investigated items found in an April 20, 2008 search of plaintiff's cell. Security staff had found two envelopes that each contained an interview/information

3

request. The first request, dated April 13, 2008, was addressed to "Mrs. Laufenberg" and asked her as a "huge favor" to get him copies of his friends' conduct reports. "Mrs. Laufenberg" referred to Angela Laufenberg, the program support supervisor at the institution. For security reasons, inmates are not allowed access to other inmates' conduct reports because of the possibility that the information contained in the reports could be used for blackmail and extortion. The second request, also addressed to Laufenberg, stated, "Hey! Ain't heard back from ya yet! What's up?" and asked Laufenberg to provide to him the names of inmates who had requested special placement needs. Divulging the names of these inmates could put their safety and security at risk and is not permitted at the institution.

Delvaux reviewed Conduct Report #1973574 and determined that the actions alleged constituted a major offense. He concluded that the alleged violation was an offense against the orderly operation of the institution.

### C. Disciplinary Proceeding

Any inmate facing a disciplinary proceeding for a major violation is allowed to call witnesses and present documentary evidence in his defense, as long as the safety and security of the institution are not compromised. If a witness is unavailable, an inmate may submit questions for the witness that would not jeopardize the safety and security of the institution. The rules and procedures related to calling witnesses is set forth in Wis. Admin. Code §

4

DOC 303.81. Staff advocates are available to assist inmates in preparation and presentation of a defense to the charges against them.

On June 11, 2008, plaintiff met with staff advocate Jodene Perttu concerning his conduct report. That same day he was provided a copy of "Notice of Major Disciplinary Hearing Rights and Waiver of Major Hearing and Waiver of Time." which set out provided the procedure for requesting witnesses at his disciplinary hearing:

> At said hearing, you or your staff advocate may present oral, written, documentary, physical evidence and evidence from voluntary eye witnesses. If there are persons who are eye witnesses (institution offender(s) and/or staff) to the alleged violation(s), you may request, in writing, within 2 days of the service of this notice when no advocate is assigned and within 2 days of initial contact by your advocate when an advocate is assigned, using form DOC-73 which will be provided to you, that any one or more of those witnesses be present at said hearing. You may request no more than 2 witnesses (plus reporting staff member(s) without good cause. The Security Director/designee may investigate your request to determine if witnesses should be called. You will be given the decision in writing, which will include, if any of the witnesses are rejected, the reason for rejection.

On June 11, 2008, Perttu forwarded plaintiff's witness request to defendant Delvaux because the security supervisor was not available. Plaintiff requested one witness, Laufenberg, and attached a list of 18 questions to be answered by her. Delvaux reviewed the witness form and questions. Because Delvaux knew that Laufenberg was unavailable to be a witness, he reviewed the questions for relevancy. The 18 questions are as follows:

5

1. Mrs. Laufenberg, are you aware of the two (2) Interview/Information request slips documented in conduct report #1973574?

2. Mrs. Laufenberg, did you receive these interview/information request slips?

3. Mrs. Laufenberg, were you contacted by the investigating officer Cpt. Brandt pertaining to conduct report #1973574 charging "Smith" with soliciting staff?

4. Mrs. Laufenberg, were you directed by any staff at the G.B.C.I. to issue "Smith" a conduct report for the charge of soliciting staff?

5. Mrs. Laufenberg, is it true that you refused to issue "Smith" a conduct report for soliciting staff?

6. Mrs. Laufenberg, do you believe, in any way, that inmate "Smith" did in fact solicit you?

7. Mrs. Laufenberg, was the language "Smith" used in these request slips a normal language "Smith" used within his vocabulary?

8. Mrs. Laufenberg, did "Smith" work for you in G.B.C.I. as a photographer?

9. Mrs. Laufenberg, while "Smith" worked for you, did he have to request cartridges from you to print out photo's?

10. Mrs. Laufenberg, when "Smith" asked or requested these cartridges did he use the word "favor" as in "Do me a favor, and bring down cartridges for the printer?"

11. Mrs. Laufenberg, while "Smith" worked for you, did you notice "Smith" use such language as a figure of speech?

    12. Mrs. Laufenberg, when "Smith" used the word "favor", did you see the word as meaning to do something "special"?

    13. Mrs. Laufenberg, were these request slips viewed as unusual to you?

    14. Mrs. Laufenberg, did the requests with the request slips pertain to "Mr. Smith" in one way or another?

    15. Mrs. Laufenberg, is it unusual for inmates to write request slips asking about information which pertains to them?

    16. Mrs. Laufenberg, is it unusual for inmates to write request slips, asking about information pertaining to conduct reports or evidence pertaining to such?

    17. Mrs. Laufenberg, do inmates frequently interact physically with administrative staff at G.B.C.I.?

    18. Mrs. Laufenberg, do inmates frequently have access to the administrative building, or area, with administrative staff in order to form any type of special relationship outside of a professional relationship?

Delvaux concluded that questions asked for information cumulative of other evidence or were irrelevant. He informed plaintiff in writing that Laufenberg would not attend the hearing. He stated, "Testimony would be irrelevant. Mrs. Laufenberg does not believe you were soliciting her but the investigation revealed otherwise."

Plaintiff signed a second request for witness Captain Brant on June 12, 2008. Delvaux did not receive the request until June 23, 2008 and plaintiff's disciplinary hearing was scheduled for June 27, 2008. Therefore, Delvaux denied plaintiff's request in writing

as untimely.

The disciplinary hearing was held on June 27, 2008 before a hearing officer. Plaintiff made a statement. The hearing officer found plaintiff guilty of violating Wis. Admin. Code § DOC 303.26(6) after reviewing plaintiff's statement and the conduct report. He concluded that plaintiff "asked for special attention and 'favor' as he stated in his own words on the interview[ ] request. . . . Conduct report writer is more credible as he has nothing to gain by the outcome of the report and evidence supports the report." Second Aff. Francois, dkt. #32, exh. 4 at 18. Plaintiff received 360 days of disciplinary segregation with no loss of good time or an extension to his mandatory release date.

OPINION

A. Due Process

Plaintiff contends that he was denied procedural due process protections during his disciplinary hearing when he was not allowed to call two witnesses to testify at the hearing. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007). Because the length of plaintiff's confinement in segregation exceeded a year, whether plaintiff has a liberty interest

8

presents a close call, dependent on the conditions of his confinement in segregation. E.g., Marion v. Columbia Correction Institution, 559 F.3d 693, 697-98 (7th Cir. 2009) ("[A] liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh.") (Emphasis in original)). However, I need not resolve that issue because the undisputed facts show that no reasonable jury could find that the procedures plaintiff was afforded were constitutionally deficient. Thus, for purposes of this opinion, I assume that plaintiff had a protected liberty interest.

Plaintiff contends that he was denied procedural due process protection when he was not allowed to call two witnesses at his disciplinary hearing. To provide a prisoner due process in disciplinary proceedings, the institution must give him:

> (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

Scruggs, 485 F.3d at 939 (quoting Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992)).

Plaintiff contends that the only due process protection he did not receive was the opportunity to call witnesses. The exclusion of witness testimony at a disciplinary hearing does not violate a prisoner's due process rights when the testimony would be "irrelevant,

9

repetitive or unnecessary," Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003), and the inmate is provided a reason for the exclusion.

Plaintiff requested, in a timely manner, that Angela Laufenberg be called as a witness at his disciplinary hearing. He also submitted questions for her to answer if she was unavailable. Defendant Delvaux determined that Laufenberg was unavailable to testify in person. Delvaux reviewed the questions submitted by plaintiff and informed him in writing that Laufenberg would not be allowed to testify in written form either because some of the questions were irrelevant or because "Mrs. Laufenberg does not believe you were soliciting her but the investigation revealed otherwise." In other words, Delvaux decided that Laufenberg's testimony would have been repetitive of the evidence that plaintiff would be presenting to show that he did not solicit her. This was a reasonable decision.

Moreover, nothing Laufenberg could have testified to would have exonerated plaintiff. Piggie, 344 F.3d at 678 (no due process violation where plaintiff failed to establish how inclusion of excluded witness would have aided his defense). According to the questions submitted by plaintiff, Laufenberg would have testified in support of plaintiff's defense and reiterated that she did not take his inmate requests as a solicitation. Laufenberg's subjective beliefs about plaintiff's requests would not change the information on the inmate request slips, which was the information that condemned plaintiff. The hearing officer concluded that plaintiff violated Wis. Admin. Code § 303.26(6) because he had requested information

10

that he knew he could not have and his request sought "special attention and 'favor' as he stated in his own words on the interview[ ] request." Second Aff. Francois, dkt. #32, exh. 4 at 18. Therefore, the exclusion of Laufenberg as a witness did not deny plaintiff due process.

Plaintiff also requested Captain Brant, the writer of the conduct report, as a witness. Delvaux denied plaintiff's request in writing because it was not timely. Plaintiff has not produced any evidence that Brant's testimony would have aided his defense at the hearing. Therefore, the exclusion of Brant as a witness did not violate plaintiff's due process rights. Id. (excluding a witness who would not have affected the outcome of the hearing was harmless error).

### B. Sufficiency of Evidence

Disciplinary decisions must be supported by at least "some evidence." Scruggs, 485 F.3d at 941. "This is a lenient standard, requiring no more than a modicum of evidence." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (internal citations and quotations omitted). Plaintiff was found guilty of soliciting staff on the basis of the two inmate request slips found in his cell. in which he sought favors from Laufenberg. The hearing officer found that the language used in the requests along with the information plaintiff sought made it more likely than not that plaintiff was seeking special attention from Laufenberg in violation

11

of Wis. Admin. Code § DOC 303.26(6), which states

> An inmate who does any of the following is guilty of an offense:
>
> (6) Conveys affection to, or about staff verbally or in writing whether personally written or commercially written or by drawings; or asks for addresses, phone numbers, favors or requests special attention of a staff member or acquaintance or family of a staff member.

The inmate request slips are sufficient to support the decision. They satisfy the lenient "some evidence" standard.

ORDER

IT IS ORDERED that defendant Michael Delvaux's motion for summary judgment, dkt. #28, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 18th day of February, 2010.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge