IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT G. SMITH,

                                                               ORDER

                Plaintiff,

                                                   09-cv-233-bbc

     v.

MICHAEL DELVAUX,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     On February 18, 2010, I granted defendant's motion for summary judgment on plaintiff's claim that defendant had denied him procedural due process at a disciplinary hearing. Dkt. #46. On February 19, 2010, judgment was entered in favor of defendant. Dkt. #47. On February 24, 2010, plaintiff filed a motion to strike defendant's reply to plaintiff's proposed findings of fact. Dkt. #48. I construe plaintiff's motion as a timely request to alter or amend the judgment under Fed. R. Civ. P. 59(e) and will deny it.

     Under Fed. R. Civ. P. 59(e), a party may request that a court alter or amend its judgment in a motion filed within 28 days of the entry of judgment. The purpose of a Rule 59 motion is to bring the court's attention newly discovered evidence or a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529

1

(7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case, <u>Neal v. Newspaper Holdings, Inc.</u>, 349 F.3d 363, 368 (7th Cir. 2003), or to present evidence that could have been presented at an earlier time. <u>Dal Pozzo v. Basic Machinery Co., Inc.</u>, 463 F.3d 609, 615 (7th Cir. 2006). To obtain relief under Rule 59, the movant must "clearly establish" his or her grounds for relief. <u>Romo v. Gulf Stream Coach, Inc.</u>, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

Plaintiff has failed to clearly establish his grounds for relief. First, plaintiff does not explain what "new" evidence he has obtained. The only possible new evidence that plaintiff refers to in his motion is his allegation of an unconstitutional policy regarding disciplinary hearings. However, he provides no evidence to back up this allegation. Even assuming that he has evidence to support this allegation, he fails to explain why such evidence could not have been presented earlier. The only possible argument I believe plaintiff to make is that he had given his jailhouse lawyer, Oscar B. McMillian, pertinent legal documents and those documents were confiscated from McMillian. In the court's order granting him leave to proceed <u>in forma pauperis</u> in this case, plaintiff was told expressly to "keep a copy of all documents for his own files" Dkt. #6 at 13. His failure to follow this instruction does not entitle him to avoid the consequences of a properly filed motion for summary judgment by defendant.

Second, many of the findings of fact that plaintiff contends are false are immaterial.

For example, plaintiff challenges defendant's statements about "in-cell lights" and "noise" in the prison. Dkt. #48, ¶¶ 11-12. Neither of those facts is relevant to the determination whether plaintiff was denied procedural due process when the two witnesses he requested were not permitted to testify at the hearing. Accordingly, any mistake with regard to such facts fails to raise a manifest error of law or fact.

Plaintiff has failed to show that any manifest error of law or fact occurred in granting defendant's motion for summary judgment. Despite the many arguments in plaintiff's motion, he has not shown how testimony from either of the witnesses he sought would have exonerated him. This failure supports the entry of judgment in favor of defendant. E.g., Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003) (no due process violation where plaintiff failed to establish how inclusion of excluded witness would have aided his defense). Accordingly, plaintiff's motion to alter or amend the judgment is denied.

ORDER

IT IS ORDERED that plaintiff Robert G. Smith's motion to alter and amend the judgment, dkt. #48, is DENIED.

Entered this 15th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4